gotiated in violation of the agreement under which it was given, and, when that fact appeared, the presumption that the holder was such for value no longer applied, and the plaintiff could not longer rest upon the presumption, but was required to show affirmatively his good faith. Ginsberg v. Shurman, 71 Misc. Rep. 463, 464, 128 N. Y. Supp. 653; German American Bank v. Cunningham, 97 App. Div. 244, 89 N. Y. Supp. 836.

The defendants waived their right to go to the jury upon the question of the bona fides of the plaintiff's possession of this $50 note, and vested the power in the court to decide the facts, which the court did by directing a verdict for the plaintiff, thus finding that the plaintiff was a bona fide holder for value.

Judgment as to the $350 note reversed, and a new trial ordered thereon; and judgment as to the $50 note affirmed, with costs in the court below to abide the final award of costs. If plaintiff shall finally prevail as to the $350 note, costs shall be awarded to plaintiff proportionately. No costs of appeal to either party. All concur.

---

SLAVIZ v. McMULLEN, SNARE & TRIEST, Inc.

(Supreme Court, Appellate Division, First Department. December 24, 1915.)

NEGLIGENCE ☞134—EVIDENCE.

    A finding of negligence is not justified, in the absence of evidence to show how the accident occurred.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. ☞134.]

Appeal from Trial Term, New York County.

Action by William Slaviz, administrator, against McMullen, Snare & Triest, Incorporated. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed and dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

John R. Halsey, of New York City, for appellant.
Joseph V. Gallagher, of New York City, for respondent.

PER CURIAM. There was no evidence in this case to justify a finding that the defendant was guilty of any negligence. None of the appliances were out of order or insecure, and there is no evidence to show how the accident happened.

The finding of negligence of the defendant is therefore reversed, the judgment and order reversed, with costs, and the complaint dismissed, with costs.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes